## NIMMO *v.* ALLEN et al.

| 2 | 451 |
|---|---|
| 50 | 1068 |

The title of a person who claims to be the owner of property cannot be contested by one who has no title to it.

Where the creditors of a vendor wish to annul a sale on the ground of fraud, they must resort to a direct action.

A right to be paid by preference out of the property of an insolvent, must be established contradictorily with the other creditors.

By a sale of a plantation with the improvements thereon, whatever is immovable by destination or the object to which it is attached, passes to the purchaser. Gathered corn, staves, materials for building which though upon the place and prepared for use have not been actually used, and furniture not permanently attached to the house, are moveables, and do not pass to the purchaser.

APPEAL from the District Court of St. Mary, *Voorhies,* J. *Dwight,* for the appellant. *Maskell, Splane, Simon,* and *Morphy,* for the defendants. The judgment of the court was pronounced by

ROST, J. The defendants purchased at a sale, made under execution by the marshal of the United States, a plantation and slaves with the improvements thereon, and a sugar mill and kettles then on the land. The plaintiff now claims from them the restoration of certain moveable property, which she alleges was taken possession of by them under that sale, and converted to their use, or the value thereof. The defendants claim title under the marshal's sale. They allege that the sale under which the plaintiff claims is fraudulent and collusive, and to the injury of creditors. They ask to be maintained in their possession. There was a judgment against the plaintiff in the court below, and she has appealed.

The plaintiff sets up no claim to the land, and the ascertainment of what passed with it under the marshal's sale, is the only question presented by this controversy. Unless the defendants have acquired a title to the property claimed they are without capacity to contest that of the plaintiff, while it is admitted to be valid by *Edward L. Nimmo,* her vendor. If that title was made in fraud of the creditors of *Edward L. Nimmo,* those creditors, or their repre-

NIMMO
v.
ALLEN.

sentatives, must resort to a direct action to set it aside; and if the defendants are entitled, as they allege, to be paid by preference, that right must be established contradictorily with the other creditors of the insolvent. All that was *immovable* passed to the defendants, under the judicial sale of the land and improvements.

The Civil Code defines the things, which are immovable by their destination and the objects to which they are applied. C. C. arts. 454, 456, 457, 459. These dispositions of law include all the articles which the plaintiff claims, except the corn, the staves, and the building materials. These last are expressly excluded by art. 468 of the Civil Code.

Toullier, commenting upon a similar disposition of the french Code, says: " Les matériaux qui n'ont point encore été employés, quoique amenés sur le lieu, quoique taillés, conservent leur nature de meubles, jusqu'à ce qu'ils aient été employés et posés dans le batiment." 3 vol. no. 19. The same rule applies to household furniture not attached permanently to the house. In this case no furniture is claimed except a stove, which appears to have been attached to the house and in use.

The defendants have acquired no title to the corn, the hogshead staves, the covering boards and pickets, the grate bars, the cypress logs, the sugar house frame, the brick, the oyster shells, the coolers, troughs and the timber for a mill bed, not in use at the time of the sale.

The defendants have converted this property to their own use, and its aggregate value is proved to be $566. For this sum the plaintiff is entitled to a judgment, with legal interest from the day of the conversion. See the case of the *New Orleans Draining Company* v. *Lizardi et al.*, lately determined, *ante* p. 281.

It is therefore ordered that the judgment be reversed, and that the plaintiff recover from the defendants the sum of $566, with interest at the rate of five per cent per annum, from the 19th September, 1844, till paid, with costs in both courts.